**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6489**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MICHAEL PRESTON MCCLAIN,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior
District Judge.  (7:11-cr-00477-HMH-1; 7:14-cv-02671-HMH )

Submitted:  December 10, 2015      Decided:  December 28, 2015

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Michael  Preston  McClain,  Appellant  Pro  Se.   Elizabeth  Jean
Howard,  Assistant  United  States  Attorney,  Greenville,  South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Preston McClain, a federal prisoner, seeks to appeal the district court's order granting the Government's motion for summary judgment and dismissing his 28 U.S.C. § 2255 (2012) motion to vacate. We granted a limited remand to the district court for further factual development on the issue of whether McClain noted a timely appeal. United States v. McClain, 612 F. App'x 679 (4th Cir. 2015) (No. 15-6489).

The district court's findings of fact are reviewed for clear error. Fed. R. Civ. P. 52(a)(6); see Ray v. Clements, 700 F.3d 993, 1012 (7th Cir. 2012) (applying clear error review to district court's factual findings in prison mailbox rule determination). A finding is "clearly erroneous" when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (internal quotation marks omitted). The district court concluded, based on evidence presented by the Government and in the absence of a response by McClain, that the notice of appeal was given to prison officials for mailing on March 31, 2015, beyond the applicable appeal period.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed.

2

R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." <u>Bowles v. Russell</u>, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on January 8, 2015. The court did not clearly err in finding that the notice of appeal was filed on March 31, 2015. Thus, the appeal was untimely. Because McClain failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>